# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN, | 1:09-cv-01742 GSA HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| F. B. HAWS, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. W. Kent Levis presiding, following his conviction by jury trial on January 8, 2007, of second degree robbery (Cal. Penal Code §§ 211; 212.5(c)), attempted carjacking (Cal. Penal Code §§ 215(a); 664), assault with a firearm (Cal. Penal Code § 245(a)(2)), and resisting, delaying or obstructing a

---

[1] This information is derived from the state court records lodged by Respondent with his response and is not subject to dispute.

1

peace officer (Cal. Penal Code § 148(a)(1)). Allegations that Petitioner personally used a firearm during the commission of the offense were found to be true. Petitioner was sentenced to serve a determinate term of 15 years in state prison.

Petitioner filed a timely notice of appeal. On January 28, 2008, the California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA") affirmed Petitioner's judgment in all respects. He then filed a petition for review in the California Supreme Court. The petition was denied without prejudice "to any relief defendant might be entitled after this court decides People v. Nguyen, S154847." Petitioner then petitioned for a writ of certiorari in the United States Supreme Court. On October 6, 2008, the petition was denied.

On October 5, 2009, Petitioner filed the instant federal habeas petition. He claims the trial court committed a violation of Cunningham v. California, 549 U.S. 270 (2007), when it imposed an aggravated term based on factors not found true by a jury beyond a reasonable doubt. On January 25, 2010, Respondent filed an answer to the petition. Petitioner did not file a traverse.

## STATEMENT OF FACTS[2]

*Facts*

At approximately 7:00 p.m. on March 28, 2006, Mai Lee returned to her car in a shopping mall parking lot and got in, at which point appellant approached, tapped the window of the car with a gun, and ordered Lee to open the car door. Lee complied, and thereafter appellant demanded money; held the gun approximately three to four inches from Lee's head, pointed the gun at her; demanded Lee's wallet; grabbed the wallet; told her, "I'm going to have to take you now" and "I'm going to have to do you right here"; violently pushed the gun against Lee's head; and told her to "[m]ove the fuck over." Lee climbed over the gear shift, into the passenger seat, and appellant got in the car and sat in the driver's seat. At that point, Lee jumped out of the car and, screaming for help, ran towards another car that had just pulled into a parking place.

At that point, two police officers who were patrolling the parking lot heard Lee's screams and came to her aid. Police officers apprehended appellant shortly thereafter.

*Prior Record*

Appellant suffered juvenile adjudications of the following offenses: misdemeanor second degree burglary (§§ 459, 460, subd. (b)), in February 2002; felony vehicle theft (Veh.Code, § 10851, subd. (a)), in June 2002; resisting, delaying or obstructing a peace

---

[2] The Fifth DCA's summary of the facts in its January 28, 2008, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Thus, the Court adopts the factual recitations set forth by the Fifth DCA.

officer (§ 148, subd. (a)), a misdemeanor, in September 2003; receiving a stolen motor vehicle (§ 496d, subd. (a)), a felony, in December 2003; and felony unlawful intercourse with a minor more than three years younger than the perpetrator (§ 261.5, subd. (c)), in July 2004. He had suffered no prior adult convictions.

*Sentencing*

In sentencing appellant, the court found as factors in aggravation the following: appellant's "prior criminal record"; his "prior conduct"; appellant was on California Youth Authority parole at the time of the instant offenses; and those offenses were "[fraught] with violence...." FN2

> FN2. In what we presume is a transcription error, the reporter's transcript indicates the court stated, "It was an offense which was *brought* with violence." (Italics added.)

## DISCUSSION

I.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.   Standard of Review

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death  Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S.

63, 70 (2003). Under the AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at

4

409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

III.     Review of Claim

Petitioner contends the trial court committed constitutional error in violation of Cunningham v. California, 549 U.S. 270 (2007), when it imposed an aggravated term based on factors not found by the jury beyond a reasonable doubt.

Petitioner presented this claim on direct appeal to the Fifth DCA and California Supreme Court. Because the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

1    In denying Petitioner's claim, the state appellate court stated as follows:

2        As indicated above, appellant contends the trial court violated his jury trial rights by imposing the upper term based on facts not found by a jury beyond a reasonable doubt. We disagree.

    In *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi* ), the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.) The high court reaffirmed this rule in *Blakely v. Washington* (2004) 542 U.S. 296, 301 (*Blakely*) and later in *Cunningham v. California* (2007) 549 U.S. ---- [127 S.Ct. 856] (*Cunningham*). And in *Cunningham* the Supreme Court also held that the version of California's determinate sentencing law then in effect violated the Sixth Amendment to the United States Constitution because it "authorizes the judge, not the jury, to find the facts permitting an upper term sentence...." (*Id.* at p. 871.)

    Subsequently, the California Supreme Court, in *People v. Black* (2007) 41 Cal.4th 799 (*Black II* ), held that the prior conviction exception to the general rule requiring jury determination of aggravating sentencing factors (prior conviction exception) applies not only to the fact that a conviction occurred, but also to determinations that a defendant has suffered numerous prior convictions of increasing seriousness. (*Id.* at pp. 819-820.) The *Black II* court also held the existence of even one aggravating factor, properly found in accordance with *Cunningham* and its antecedents, is sufficient to make a defendant constitutionally *eligible* for an upper term sentence. (*Id.* at p. 813.) In such a case, the court, in its exercise of sentencing discretion, may rely upon other factors not so determined. (*Ibid.*) The imposition of an upper term under those circumstances does not violate the defendants constitutional right to trial by jury. (*Id.* at p. 816.)

    As indicated above, the aggravating factors found by the court in the instant case included appellants "prior criminal record." It is not clear whether the court was referring here to the fact of appellant's prior juvenile adjudications or to the fact that he suffered multiple adjudications. In either case, however, the court relied on at least one factor coming within the prior conviction exception. (*U.S. v. Jones* (3d Cir.2003) 332 F.3d 688, 696 [prior juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for purposes of prior conviction exception]; *U.S. v. Smalley* (8th Cir.2002) 294 F.3d 1030, 1033 [same]; contra, *U.S. v. Tighe* (9th Cir.2001) 266 F.3d 1187, 1194 .) [FN3] Therefore, under *Black II,* imposition of the upper terms did not violate appellant's right to trial by jury, regardless of the other aggravating factors found by the court.[FN4]

    FN3. The issue of whether a prior juvenile adjudication comes within the prior conviction exception is pending before the California Supreme Court in *People v. Tu,* review granted December 12, 2007, A105905.

    FN4. Clearly, the violence of the instant offense, cited by the court as an aggravating factor, fell outside the prior conviction exception. We offer no opinion as to whether any of the other circumstances in aggravation found by the court fell outside that exception.

    Appellant argues that *Black II* was wrongly decided. However, as appellant acknowledges, we are bound by *Black II*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

6

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added), the Supreme Court held that *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." This holding, including the exception for a defendant's criminal history, has been upheld by the Supreme Court in several subsequent cases. See James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 274-75 (2007); United States v. Booker, 543 U.S. 220, 230-31 (2005); Blakely v. Washington, 542 U.S. 296, 301 (2004). In Cunningham, the Supreme Court held that the middle term in California's sentencing scheme is the statutory maximum. 549 U.S. at 288. Nevertheless, the criminal history exception was retained. Id. at 275 ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant.") (emphasis added).

In this case, the state court specifically relied on Supreme Court precedent in rejecting Petitioner's claim. The Fifth DCA noted that, in determining Petitioner's sentence and imposing the upper term, the sentencing court relied on Petitioner's "prior criminal record." By relying on Petitioner's history of recidivism, the sentencing court's imposition of the upper term did not violate his Sixth Amendment rights. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); Apprendi, 530 U.S. at 490. Any of the other factors utilized by the sentencing court in selecting the upper term are irrelevant to Sixth Amendment analysis. As stated by the Ninth Circuit,

> if at least one of the aggravating factors on which the judge relied in sentencing [the petitioner] was established in a manner consistent with the Sixth Amendment, [the petitioner's] sentence does not violate the Constitution. Any additional factfinding was relevant only to selection of a sentence within the statutory range.

Butler v. Curry, 528 F.3d 624, 643 (9th Cir.2008).

The fact that the sentencing court relied on juvenile convictions as opposed to adult convictions does not alter the analysis. The Ninth Circuit has recognized that the Third, Eighth, and Eleventh Circuits, in addition to California state courts, have held that the *Apprendi* "prior

conviction" exception includes non-jury juvenile adjudications, which can be used to enhance a defendant's sentence. See Boyd v. Newland, 467 F.3d 1139, 1152 (9th Cir.2006). In the face of this authority "and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent." Boyd, 467 F.3d at 1152. Therefore, Petitioner is not entitled to relief.

IV.    Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 29, 2010**              /s/ **Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE